**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOSEPH MACASTLE JACKSON, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 88-CV-1470-JHP |
| RON CHAMPION, Warden, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action commenced October 28, 1988, or almost twenty-four (24) years ago, by Petitioner Joseph Macastle Jackson, a state prisoner appearing pro se. By Order filed June 22, 1989 (Dkt. # 18), the Court denied the petition. Petitioner appealed and on March 26, 1990, the Court filed the Order and Judgment (Dkt. # 23) from the Tenth Circuit Court of Appeals affirming this Court's denial of the petition.

On August 20, 2012, Petitioner filed a motion for relief from judgment (Dkt. # 24), along with a motion to proceed in forma pauperis (Dkt. # 25). Upon receipt of Petitioner's motions, the case was randomly reassigned to the undersigned.[1] See Dkt. # 26. As authority for relief from judgment, Petitioner cites Rule 60(b), Federal Rules of Civil Procedure. Prior to 2005, the Court treated motions filed pursuant to Rule 60(b) as second or successive petitions. See Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir.1998). The Supreme Court has clarified, however, that not all Rule 60(b) motions constitute second or successive petitions. See Gonzalez v. Crosby, 545 U.S. 524 (2005). Some Rule 60(b) motions are in fact "true" Rule 60(b) motions, free from § 2244's

---

[1] The Hon. H. Dale Cook, the original judge assigned to this case, passed away on September 22, 2008.

requirements. See id. at 533. Other Rule 60(b) motions assert or reassert federal bases for relief from the underlying conviction and are properly considered second or successive habeas corpus petitions. Id. at 530-31.  In Spitznas v. Boone, 464 F.3d 1213, 1215 n.3 (10th Cir. 2006), the Tenth Circuit provided guidance for applying the Gonzalez holding to Rule 60(b) motions filed in habeas corpus cases, directing as follows:

> If the district court concludes that the motion is a true Rule 60(b) motion, it should rule on it as it would any other Rule 60(b) motion. If, however, the district court concludes that the motion is actually a second or successive petition, it should refer the matter to this court for authorization under § 2244(b)(3). See 28 U.S.C. § 1631 (authorizing transfer of civil action or appeal filed without jurisdiction, in the interest of justice, "to any other court in which the action or appeal could have been brought at the time it was filed or noticed"); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam). In the case of a "mixed" motion-that is, a motion containing both true Rule 60(b) allegations and second or successive habeas claims-the district court should (1) address the merits of the true Rule 60(b) allegations as it would the allegations in any other Rule 60(b) motion, and (2) forward the second or successive claims to this court for authorization.

Spitznas, 464 F.3d at 1217.

In the Rule 60(b) motion before the Court, Petitioner identifies three (3) grounds for relief from judgment.  Grounds II and III assert or reassert federal grounds for relief from Petitioner's conviction entered in Oklahoma County District Court, Case No. CRF-1983-3152.  In ground I, Petitioner asserts that because venue did not lie in the Northern District, this Court lacked authority to adjudicate his petition. That claim challenges a procedural aspect of the case and is, therefore, a "true" Rule 60(b) ground.  As a result, the Court finds Petitioner's motion is a "mixed" Rule 60(b) motion because it contains both a true Rule 60(b) claim and second or successive habeas claims. Therefore, pursuant to Spitznas, the Court shall address the merits of the true Rule 60(b) allegations separately from the second or successive habeas grounds.  Spitznas, 464 F.3d at 1217.

First, the Court finds Petitioner is not entitled to Rule 60(b) relief on ground I. Petitioner admits he was incarcerated at Dick Conner Correctional Center when he filed his petition in 1988. That facility is located within the Northern District of Oklahoma. As a result, venue was appropriate in this Court. See 28 U.S.C. § 2241(d) (1988) (providing that the district court for the district wherein the petitioner is in custody and the district court for the district within which the petitioner was convicted and sentenced shall have concurrent jurisdiction to entertain the petition). Furthermore, Petitioner chose to file his petition in this Court and did not object to venue while the case was pending. See United States v. Calderon, 243 F.3d 587, 589 (2d Cir. 2001) (collecting cases and explaining that "[v]enue is not jurisdictional" and can be waived). Petitioner's belated challenge to venue lacks merit and does not entitle Petitioner to relief from judgment. Therefore, the Court shall deny relief under Rule 60(b) as to ground I.

In grounds II and III of the Rule 60(b) motion, Petitioner asserts or reasserts habeas corpus claims as follows:

> II. The changes in the legal landscape effected by Johnson v. State, 93 P.3d 41 (Okla. Crim. App. 2004) alters [sic] the previous adjudication of the claim in Case No. 1988-CV-1470.
>
> III. Since the deleted equal protection ground relate [sic] back to the filing of the initial petition it should be added to Petitioner's case under Federal Rules of Civil Procedure, Rule 15.

(Dkt. # 24). Those grounds for relief constitute a second or successive habeas claims filed without prior authorization from the Tenth Circuit. See Gonzalez, 545 U.S. 524, 531-32 (2005) (finding that a motion for relief from judgment, seeking to advance one or more substantive claims, qualified as a "second or successive habeas petition"). As a result, this Court lacks jurisdiction to consider the claims. Lopez, 141 F.3d at 975-76. Petitioner is required to comply with the AEDPA's relevant

3

provisions and must obtain prior authorization from the Tenth Circuit Court of Appeals before filing a second or successive petition in this district court. 28 U.S.C. § 2244(b).

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251.  "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Upon review of Petitioner's Rule 60(b) motion, the Court finds there is no risk that a meritorious successive claim will be lost and it would be a waste of judicial resources to transfer the motion to the Tenth Circuit for authorization. Therefore, grounds II and III as identified in the Rule 60(b) motion shall be dismissed without prejudice for lack of jurisdiction as second or successive claims filed without prior authorization.

Lastly, the motion to proceed in forma pauperis shall be declared moot as there is no fee for filing a motion for relief from judgment.

## Certificate of Appealability

A petitioner is required to obtain a certificate of appealability to appeal from the denial of a Rule 60(b) motion. Spitznas, 464 F.3d at 1218. Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the denial of Petitioner's Rule 60(b) motion as to ground I is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. Petitioner's motion for relief pursuant to rule 60(b) (Dkt. # 24) is adjudicated as follows:

   a. Rule 60(b) relief requested in ground I is **denied**.

   b. Grounds II and III are **dismissed without prejudice** for lack of jurisdiction as second or successive habeas claims filed without prior authorization from the Tenth Circuit Court of Appeals.

2. Petitioner's motion to proceed in forma pauperis (Dkt. # 25) is **declared moot**.

3. A certificate of appealability is **denied**.

DATED THIS 14th day of August, 2012.

James H. Payne
United States District Judge
Northern District of Oklahoma